# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

---

| | |
|---|---|
| ELAINE WANG, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(a) AND 20(a) OF THE** |
| TCF FINANCIAL CORP., CRAIG R. DAHL, | : **SECURITIES EXCHANGE ACT OF** |
| PETER BELL, WILLIAM F. BIEBER, | : **1934** |
| THEODORE J. BIGOS, KAREN L. | : |
| GRANDSTRAND, THOMAS F. JASPER, | : **JURY TRIAL DEMANDED** |
| GEORGE G. JOHNSON, RICHARD H. | : |
| KING, VANCE K. OPPERMAN, ROGER J. | : |
| SIT, JULIE H. SULLIVAN, and BARRY N. | : |
| WINSLOW, | : |
| | : |
| Defendants. | : |

---

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff against TCF Financial Corp. ("TCF Financial" or the "Company") and the members TCF Financial's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed acquisition of TCF Financial by Chemical Financial Corporation and its affiliates ("Chemical Financial").

2.    Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on March 29, 2019 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.  The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby TCF Financial will merge with and into Chemical Financial, with Chemical Financial as the surviving corporation. Immediately following the merger or at such later time as the parties may mutually agree, Chemical Financial's wholly-owned subsidiary, Chemical Bank, a Michigan banking corporation, will merge with and into TCF Financial's wholly-owned subsidiary, TCF National Bank, a national banking association, with TCF National Bank as the surviving bank (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each TCF Financial common share issued and outstanding will be converted into the right to receive 0.5081 shares of Chemical Financial common stock, valuing TCF Financial at $21.58 per share based on the closing price of Chemical Financial common stock on January 25, 2019 (the "Merger Consideration").

3.    Therefore, the consideration TCF Financial stockholders stand to receive in connection with the Proposed Transaction and the process by which Defendants propose to consummate the Proposed Transaction are fundamentally unfair to Plaintiff and the other common stockholders of the Company.  Defendants have now asked TCF Financial's stockholders to support the Proposed Transaction in exchange for inadequate consideration based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and misleading information concerning,

among other things, (i) TCF Financial's and Chemical Financial's financial projections, relied upon by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan"), in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by J.P. Morgan. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as TCF Financial stockholders need such information in order to cast a fully-informed vote in connection with the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to TCF Financial's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant is incorporated in the State of Delaware and therefore in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because TCF Financial in incorporated in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of TCF Financial common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Craig R. Dahl ("Dahl") is the Company's Chairman, President, and Chief Executive ("CEO"). Dahl joined TCF Financial in 1999 as president and CEO of TCF Equipment Finance, Inc. Dahl has been a member of the Board since 2012.

11.     Individual Defendant Peter Bell has served as a member of the Board since 2009.

12.     Individual Defendant William F. Bieber has served as a member of the Board since 1997.

13.     Individual Defendant Theodore J. Bigos has served as a member of the Board since 2008.

14.     Individual Defendant Karen L. Grandstrand has served as a member of the Board since 2010.

15.     Individual Defendant George G. Johnson has served as a member of the Board since 1998.

16.     Individual Defendant Richard H. King has served as a member of the Board since 2014.

17.     Individual Defendant Vance K. Opperman ("Opperman") has served as a member of the Board since 2009. Opperman is the Lead Director.

18.      Individual Defendant Roger J. Sit has served as a member of the Board since 2015.

19.     Individual Defendant Julie H. Sullivan has served as a member of the Board since 2016.

20. Individual Defendant Barry N. Winslow has served as a member of the Board since 2008.

21. Individual Defendant Theresa M. H. Wise has served as a member of the Board since February 2019.

22. Defendant TCF Financial is incorporated in Delaware and maintains its principal offices at 200 Lake Street East, Wayzata, MN 55381. The Company's common stock trades on the New York Stock Exchange under the symbol "TCF."

23. The defendants identified in paragraphs 10-21 are collectively referred to as the "Individual Defendants" or the "Board."

24. The defendants identified in paragraphs 10-22 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.**   **The Proposed Transaction Undervalues TCF Financial**

25. TCF Financial is a bank holding company. Its principal subsidiary is TCF National Bank and operates in three segments: Lending, Funding, and Support Services. TCF Bank operates bank branches in Illinois, Minnesota, Michigan, Colorado, Wisconsin, Arizona, South Dakota and Indiana.

26. On January 28, 2019, the Company and Chemical Financial jointly announced the Proposed Transaction:

> DETROIT, MI & WAYZATA, MN - January 28, 2019 – Chemical Financial Corporation ("Chemical") (NASDAQ: CHFC) and TCF Financial Corporation ("TCF") (NYSE: TCF) today announced the signing of a definitive agreement under which the companies will combine in an all-stock merger of equals transaction. Under the terms of the agreement, which was unanimously approved by the boards of directors of both companies, TCF will merge into Chemical, and the combined holding company and bank will operate

under the TCF name and brand following the closing of the transaction.

The merger combines two complementary banking platforms to create a premier Midwest bank that will be uniquely positioned to capitalize on market opportunities and broaden the channels and customers it serves through increased scale and expanded product offerings. The combined company will have approximately $45 billion in assets, $34 billion in total deposits and more than 500 branches across nine states, including four of the top 10 Midwest markets. It will leverage the strengths of Chemical's community banking and wealth management capabilities with TCF's large deposit franchise and expertise in wholesale lending on a national basis.

*** 

**Transaction Details**
Under the terms of the agreement, TCF shareholders will receive 0.5081 shares of Chemical common stock for each share of TCF common stock based on a fixed exchange ratio, equivalent to $21.58 per TCF share based on the closing price as of January 25, 2019. Each outstanding share of 5.70% Series C Non-Cumulative Perpetual Preferred Stock of TCF will be converted into the right to receive one share of a newly created series of preferred stock of Chemical. Upon completion of the deal, TCF and Chemical shareholders will own 54% and 46% of the combined company, respectively, on a fully diluted basis.

**Governance and Leadership**
The combined company will be headquartered in Detroit and maintain a significant operating presence in Minneapolis as well as Midland and Chicago. The combined company will be led by:

Gary Torgow, who will serve as executive chairman of the board of directors;

Vance Opperman, who is the current lead independent director of TCF Financial Corporation's board of directors, will serve as lead independent director;

Craig Dahl, who will serve as CEO and president;

Dennis Klaeser, who will serve as CFO;

Brian Maass, who will serve as deputy CFO and treasurer; and

David Provost will become chairman of the combined bank and Tom Shafer will become president and COO of the combined bank.

Additional leadership team members will be comprised of highly experienced and proven executives that reflect the strengths and capabilities of both banks and will share equally in the integration process.

The combined company's board of directors will have sixteen directors, consisting of eight directors from TCF and eight directors from Chemical.

**Timing and Approvals**
The merger is expected to close in the late third or early fourth quarter of 2019, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

**Advisors**
Keefe, Bruyette & Woods is acting as financial advisor to, and rendered a fairness opinion to the board of directors of, Chemical. Nelson Mullins Riley & Scarborough, LLP and Wachtell, Lipton, Rosen & Katz are serving as legal counsel to Chemical. J.P. Morgan Securities LLC is acting as lead financial advisor to, and rendered a fairness opinion to the board of directors of TCF. Perkins Advisors, LLC is also acting as financial advisor to TCF, and Simpson Thacher & Bartlett LLP is serving as legal counsel.

27. The Merger Consideration undervalues the Company's shares in light of its recent financial performance and prospects for future growth. More specifically, on the day of the announcement of the Proposed Transaction, TCF Financial announced stellar fourth quarter and full year 2018 results:

**Fourth Quarter Observations**

- Revenue of $377.0 million, up 3.9% from the fourth quarter of 2017
- Improved efficiency ratio of 66.30%
- Average interest-earning asset growth of 1.4% from the fourth quarter of 2017
- Period-end loans and leases of $19.1 billion, down 0.2% from December 31, 2017; period-end loans and leases excluding auto finance up 7.5% from December 31, 2017
- Net charge-off rate of 0.46%, up 8 basis points from the fourth quarter of 2017; net charge-off rate excluding auto finance net charge-offs of 0.28%, up 10 basis points from the fourth

quarter of 2017 • Return on average common equity ("ROACE") of 14.30%; return on average tangible common equity ("ROATCE") of 15.59%

**2018 Observations**

- Revenue of $1.5 billion, up 6.5% from 2017; net interest income of $992.0 million, up 7.2% from 2017
- Reported efficiency ratio of 69.34%; adjusted efficiency ratio of 67.15%
- Net charge-off rate of 0.29%, up 5 basis points from 2017; net charge-off rate excluding auto finance net charge-offs and recoveries on consumer real estate loan sales of 0.14%, down 1 basis point from 2017
- ROACE of 12.42%; reported ROATCE of 13.56%; adjusted ROATCE of 14.74%

28.     Accordingly, the Company is well-positioned for financial growth and the Merger Consideration fails to adequately compensate Company stockholders by cutting off their ability to benefit from the Company's continued growth.

29.     It is therefore imperative that TCF Financial's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.     Conflicts of Interests in the Proposed Transaction**

30.     The Board along with certain Company's executive officers are conflicted because they have secured unique benefits for themselves from the Proposed Transaction not shared with the public stockholders.

31.     Eight members of the TCF Financial's Board will join the board of the newly formed company.

32.     Defendant Opperman will serve as executive chairman of the board of the newly formed company.

33.     Defendant Dahl will serve as CEO and president of the newly formed company.

34. Brian Maass, currently TCF Financial's Chief Financial Officer ("CFO"), will serve as deputy CFO and treasurer of the newly formed company.

35. It is also assumed that the named executive officers of TCF Financial will be terminated "without cause," and will receive substantial cash severance payments, as set forth in the following table:

| Name | Cash ($)[1] | Equity ($)[2] | Perquisites/ Benefits ($)[4] | Total ($) |
|---|---|---|---|---|
| Craig Dahl | 5,250,000 | 6.639,993 | 18,243 | 11,908,236 |
| Brian Maass | 1,246,875 | 3,010,421 | 25,175 | 4,282,471 |
| William Henak | 1,456,875 | 3,358,904 | 18,301 | 4,834,080 |
| Michael Jones | 1,548,750 | 2,839,183 | 25,178 | 4,413,111 |
| Thomas Jasper | 1,530,608 | — | — | 1,530,608 |

C. **The Materially Incomplete and Misleading Registration Statement**

36. On March 29, 2019, TCF Financial and Chemical Financial jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

37. The Registration Statement omits material information regarding the Company's financial projections and the valuation analyses performed by J.P. Morgan, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance

of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

38. Defendants failed to disclose estimated 2024 net income, despite the fact that J.P. Morgan relied on this in its *TCF Dividend Discount Analysis* (Registration Statement at 89-90). The failure to disclose this information was material because it was used by J.P. Morgan to calculate the Company's terminal value, an important component of the analysis. Without this information, the Registration Statement is misleading because defendants are asking stockholders to vote for the Proposed Transaction without giving them all the information.

39. With respect to J.P. Morgan's *TCF Public Trading Multiples Analysis* and *Chemical Public Trading Multiples Analysis*, the Registration Statement fails to disclose: (i) the individual multiples and financial benchmarking metrics for each of the companies observed by J.P. Morgan in its analyses; and (ii) corresponding 2019 price-to-earnings per share ("P/EPS") multiples for each company. The failure to disclose each of the selected companies' multiples causes the Registration Statement to be misleading, as stockholders cannot observe whether the selected companies truly are comparable to the Company, or whether the companies were selected to make the merger consideration appear fair.

40. With respect to J.P. Morgan's *TCF Dividend Discount Analysis*, the Registration Statement fails to disclose: (i) the Company's projected 2024 net income that was used by J.P. Morgan to determine the Company's terminal value in its analysis; and (ii) the specific inputs and assumptions underlying the discount rates of 9.0% to 11.0% calculated and applied by J.P. Morgan.

41. The failure to disclose the foregoing information renders the Registration Statement misleading, as the omitted information is material because defendants have relied on the fairness

opinion to approve the Proposed Transaction, and are encouraging the stockholders to vote in favor of it.

42. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

45. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, amongst other things:

the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

46. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

47. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

48. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of TCF Financial within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of TCF Financial, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of TCF Financial, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of TCF Financial, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed

Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

53. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

54. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

56. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

  A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

  B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

  C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

  D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 9, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
  Brian D. Long (#4347)
  Gina M. Serra (#5387)

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*